IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TOM DEAN CHANDLER, IN HIS CAPACITY AS TRUSTEE OF THE NANCY SUZANNE CHANDLELR TRUST, NANCY CHANDLER EPPERS, AND KEN EPPERS, DOING BUSINESS AS KEN EPPERS PERFORMANCE HORSES<br><br>v.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOING BUSINESS AS CHUBB AGRIBUSINESS | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-CV-00923-SDJ-AGD |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Plaintiffs Tom Dean Chandler, in his capacity as trustee of the Nancy Suzanne Chandler Trust, Nancy Chandler Eppers, and Ken Epper's, doing business as Ken Eppers Performance Horses, ("Plaintiffs") Motion for Voluntary Dismissal Without Prejudice (Dkt. #25). Defendant Indemnity Insurance Company of North America, doing business as Chubb Agribusiness, ("Defendant") filed its Response to Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Dkt. #27). Defendant opposes Plaintiffs' Motion. Having considered Plaintiffs' Motion (Dkt. #25) and Defendant's Response (Dkt. #27), the court recommends that Plaintiffs' Motion for Voluntary Dismissal Without Prejudice should be **GRANTED**.

**BACKGROUND**

On October 28, 2022, Defendant filed its notice of removal, removing this case from the 158th Judicial District Court of Denton County, Texas, to this court (Dkt. #1). On December 1,

2022, Plaintiffs filed their Amended Complaint (Dkt. #8), asserting causes of action for breach of contract, breach of the duty of good faith and fair dealing, Texas Insurance Code violations, and Texas Deceptive Trade Practices Act violations.

On December 21, 2022, Defendant filed its Partial Motion to Dismiss (Dkt. #10), arguing that all claims except for the breach of contract claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 17, 2023, Plaintiffs filed their Response (Dkt. #20) to Defendant's Partial Motion to Dismiss. On June 27, 2023, counsel for Plaintiffs filed their Motion for Withdrawal of Counsel (Dkt. #22), arguing that good cause exists for their withdrawal because they have been "unable to communicate with Plaintiffs in a manner consistent with good attorney-client relations." (Dkt. #22, p. 1, ¶ 1.1). On July 6, 2023, Defendant filed its Response to Motion to Withdraw as Counsel (Dkt. #24), asking the court to "enter an order sufficient to ensure [Defendant] is not prejudiced by counsel's withdrawal." (Dkt. #24, p. 7).

On June 29, 2023, the court entered an Order (Dkt. #23) setting a hearing on counsel for Plaintiffs' Motion for Withdrawal of Counsel for July 18, 2023. On July 17, 2023, Plaintiffs filed the pending Motion for Voluntary Dismissal Without Prejudice (Dkt. #25). Plaintiffs represent in their Motion for Voluntary Dismissal that "[o]n July 17, 2023, Plaintiff Nancy Eppers indicated to counsel that it was Plaintiffs' desire to dismiss the pending suit at this time." (Dkt. #25, p. 1, ¶ 4). They further represent that Plaintiffs' counsel drafted a "Joint Stipulation of Dismissal Without Prejudice [] in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure." (*Id.* at ¶ 6). Plaintiffs and their counsel signed the Joint Stipulation of Dismissal Without Prejudice, but Defendant and its counsel did not. (Dkt. #25, Exhibit 1). On July 18, 2023, Defendant filed its Response to Plaintiffs' Motion for Voluntary Dismissal Without Prejudice.

On July 18, 2023, the court held a hearing on counsel's motion to withdraw as Plaintiffs' counsel. The court also heard argument from the parties about Plaintiffs' motion for voluntary dismissal. The court took both matters under advisement. The court notes that while counsel for Plaintiffs attended the hearing, Plaintiffs did not attend the hearing.

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntarily dismiss an action by filing a notice of dismissal if the opposing party has not served either an answer or a motion for summary judgment or if all the parties who have appeared sign a stipulation of dismissal. Where, as here, the provisions of Rule 41(a)(1) are not met, Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Smith v. YRC Inc.*, 2019 WL 13218261, at *2 (E.D. Tex. October 18, 2019) (citing FED. R. CIV. P. 41(a)(2); *accord Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 295 (5th Cir. 2016); *Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 268 (5th Cir. 2012); *Hyde v. Hoffmann–La Roche, Inc.*, 511 F.3d 506, 508 n.7 (5th Cir. 2007); *Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903, 908 (S.D. Tex. 2015)).

"The decision to dismiss an action [pursuant to Rule 41(a)(2)] rests within the sound discretion of the trial court . . . ." *Id.* (citing *Cranford v. Morgan S. Inc.*, 333 F. App'x 852, 854 (5th Cir. 2009) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)); *see Bechuck*, 814 F.3d at 296; *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("The plaintiff's right to a voluntary dismissal without prejudice is not absolute. Rather, dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court, and its order is reviewable only for abuse of discretion.")).

"Generally, a motion for voluntary dismissal 'should be freely granted' unless 'the non-moving party will suffer some plain legal prejudice.'" *Smith*, 2019 WL 13218261, at *2 (citing *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 196-97 (5th Cir. 2018) ("*Vaughn*") (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002))) (citations omitted). "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side[.]" *Id.* (citing *Vaughn*, 907 F.3d at 197 (quoting 9 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (3d ed. 2018 Update)); *Elbaor*, 279 F.3d at 317).

"To determine whether a motion for voluntary dismissal under Rule 41(a)(2) should be granted, the court first determines whether dismissal will cause the non-moving party to suffer plain legal prejudice." *Id.* (citing *Vaughn*, 907 F.3d at 196-97 (citation omitted); *Bechuck*, 814 F.3d at 2980). "Legal prejudice has been defined as 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (citing *JMC Constr. LP v. Modular Space Corp.*, No. 3:07-CV-01925, 2008 WL 4791562, at *1 (N.D. Tex. Oct. 30, 2008) (citation omitted)) (citations omitted).

"Plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal." *Id.* at *3 (quoting *Robles v. Atl. Sounding Co.*, 77 F. App'x 274, 275 (5th Cir. 2003)). "For example, dismissal can cause legal prejudice when a plaintiff 'fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort.'" *Id.* (quoting *Davis Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991)). "Denial of a voluntary motion to dismiss is also appropriate 'where (1) dismissal would preclude the court from deciding a pending case or claim-dispositive motion, or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in the current forum to avoid legal prejudice.'" *Id.* (quoting *Bobo v. Christus Health*, 227 F.R.D. 479, 481 (E.D. Tex. 2005)). "Dismissal should

also be refused when a plaintiff seeks dismissal 'to circumvent an expected adverse result.'" *Smith*, 2019 WL 13218261, at *3 (quoting *Bobo*, 227 F.R.D. at 481) (citations omitted).

"Nevertheless, 'the mere prospect of a second lawsuit' or the possibility that the plaintiff 'may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice.'" *Id.* (citing *Vaughn*, 907 F.3d at 196-97 (quoting *Bechuck*, 814 F.3d at 298; *Elbaor*, 279 F.3d at 317)). "[T]he potential for forum-shopping does not count as legal prejudice." *Id.* (citing *Dale v. Equine Sports Med. & Surgery Race Horse Serv., P.L.L.C.*, 750 F. App'x 265, 268 (5th Cir. 2018) (quoting Bechuck, 814 F.3d at 299)). "If the court finds that legal prejudice does not exist, then the motion should be granted." *Id.* (citing *Vaughn*, 907 F.3d at 196-97; *Bechuck*, 814 F.3d at 298). "If, however, the court finds that the motion will cause legal prejudice, then the court may deny the motion or impose conditions that will cure the prejudice." *Id.* (citing *Elbaor*, 279 F.3d at 317-18; *see Vaughn*, 907 F.3d at 196-97; *Bechuck*, 814 F.3d at 298).

"The following non-exhaustive factors are taken into account when determining whether a court should deny a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant." *Id.* (citations omitted). "The enumeration of pertinent considerations is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. Rather, such factors are simply a guide for the court." *Id.* (citation and internal quotation marks omitted) (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

## ANALYSIS

On January 17, 2023, the court entered a scheduling order (Dkt. #16), which set the deadline to complete discovery as July 24, 2023; the dispositive motions deadline as August 14, 2023; and the Final Pre-Trial Conference for this matter on January 17, 2024. At the time Plaintiffs moved to voluntarily dismiss this case on July 17, 2023, none of these deadlines had passed. The court notes that Defendant has not asserted any counterclaims.

The court first analyzes Defendant's effort and expense in preparing for trial. Though the discovery deadline has not passed, Defendant asserts it has prepared and timely served expert disclosures, served written discovery, filed its 12(b)(6) Motion to Dismiss, and responded to Plaintiffs' motions. Defendant also asserts it has incurred more than $30,000 in attorneys' fees defending this case. While this activity, standing alone, may not suffice to warrant denial of Plaintiffs' Motion for Voluntary Dismissal, it nonetheless demonstrates that Defendant has incurred both time and expense defending this case. *See Smith*, *supra*. However, this case is still in its infancy, in large part because Plaintiffs have failed to prosecute this case. So, while Defendant has incurred time and expense defending this case, Plaintiffs' failure to prosecute this action has surely reduced Defendants' expenditure of effort and expense. The court finds this factor to be neutral.

The court is unconvinced that the second factor—excessive delay and lack of diligence on the part of Plaintiffs in prosecuting the action—tilts in favor of prejudice. Defendant argues that Plaintiffs have demonstrated no diligence in prosecuting their case. The weight of Plaintiffs' apparent failures, however, is offset by similar failures on the part of Defendant. For example, neither party appears to have notified the court of an agreed-upon mediator as required by the court's scheduling order. (Dkt. #16 at 2). Additionally, had Defendant advised the court that

Plaintiffs were not actively prosecuting this case, the court could have intervened, thereby reducing delay. Defendant's degree of shared inaction undercuts the weight of this factor.

The third factor—insufficient explanation of the need for a dismissal—leans against a finding of prejudice. Despite Plaintiffs' bare explanation in their Motion for Voluntary Dismissal, it is apparent that Plaintiffs are wholly disinterested in prosecuting this case. Plaintiffs' absence at the motion hearing, coupled with the Motion for Withdrawal of Counsel, which is largely based on Plaintiffs' failure to communicate with their counsel, makes it clear that Plaintiffs no longer desire to move forward with their case.[1]

Finally, the last factor militates against a finding of prejudice because Defendant has not filed a motion for summary judgment. Defendant's pending Partial Motion to Dismiss is not case-dispositive. Even if the court granted the motion, the breach of contract claim would remain.

Considering the extent of litigation that has occurred, the expense Defendant has incurred, Plaintiffs' failure to prosecute their case, and Defendant's degree of shared inaction, the court finds that Defendant will not suffer legal prejudice if it grants Plaintiffs' motion for voluntary dismissal.[2]

## RECOMMENDATION

It is recommended that Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Dkt. #25) should be **GRANTED** and the case should be **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Defendant draws a parallel between this case and *Smith, supra*. In *Smith*, the defendant sought a dismissal of the federal lawsuit to add one or more defendants in an effort to defeat subject matter jurisdiction. *Smith* is distinguishable from the case herein because Plaintiffs are not attempting to avoid the jurisdiction of this court. Rather, Plaintiffs have displayed that they have no interest whatsoever in prosecuting this matter.

[2] If Plaintiffs' Motion for Voluntary Dismissal were to be denied but their Motion for Withdrawal of Counsel were to be granted, Plaintiff Tom Dean Chandler would not be able to proceed *pro se* in his capacity as trustee. *See United States v. Mikulin*, 2022 U.S. App. LEXIS 12307, at *1–2 ("artificial entities like trusts may not appear 'otherwise than through a licensed attorney.'") (citations omitted). This would result in delay and, most likely, a subsequent motion to voluntarily dismiss this case.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of August, 2023.**

*[signature]*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE