UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TOM DEAN CHANDLER, ET AL., | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-00923-SDJ-AGD |
| | § | |
| INDEMNITY INSURANCE | § | |
| COMPANY OF NORTH AMERICA | | |
| d/b/a CHUBB AGRIBUSINESS | | |

**MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART
THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge in this action (the "Report"), (Dkt. #30), this matter having been referred to the Magistrate Judge per 28 U.S.C. § 636. The Magistrate Judge has entered proposed findings of fact and recommendations contained in the Report, recommending that the Court grant Plaintiffs' Motion for Voluntary Dismissal Without Prejudice. Defendant Indemnity Insurance Company of North America d/b/a Chubb Agribusiness ("Chubb") timely filed its Objection to Report and Recommendation, arguing that Plaintiffs' suit should be dismissed with prejudice. (Dkt. #31).

After a de novo review, the Court adopts the Report in part and modifies it in part. Specifically, the Court sustains Chubb's objection and adopts the Report only to the extent of allowing a dismissal—but a dismissal with prejudice.

### I. BACKGROUND

Plaintiffs filed this case in state court in September 2022. (Dkt. #1 at ¶1). Chubb removed it in October 2022. (Dkt. #1). The parties had their Rule 26 conference

1

and submitted their status report, (Dkt. #13), and the Court entered a scheduling order in January 2023. (Dkt. #16). Plaintiffs filed an amended complaint which Chubb answered, (Dkt. #8), #11), and Chubb filed a partial motion to dismiss which was fully briefed. (Dkt. #10, #20, #21).

At the time Plaintiffs' dismissal motion was filed, the case had been pending in this Court for nine months and discovery had been ongoing for more than six months, at least on Chubb's part, which included preparing and serving initial disclosures, expert disclosures, preparing and serving written discovery, and multiple conferences with Plaintiffs—who apparently failed to respond to or participate in discovery. (Dkt. #31 at 4–6). Plaintiffs' dismissal motion was filed in mid-July 2023, 10 days before the discovery deadline, about a month before the dispositive motion deadline, and after Chubb had apparently incurred about $30,000 in attorney's fees. Now Plaintiffs would like to essentially start over again in another court—or at least have the opportunity to do so—and their motion offers essentially no other reason for dismissal.

## II. LEGAL STANDARD

Rule 41(a)(2) provides that after a defendant serves an answer or a motion for summary judgment, and absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In general, such "motions for voluntary dismissal should be freely granted," *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002), but "[i]f a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be

2

denied." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs. Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & Miller, *Federal Practice and Procedure* § 2364 (1971 & supp. 1990)).

Dismissal under Rule 41(a)(2) is "within the sound discretion of the court," but "[w]hen considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Factors to consider include whether the party proposes to dismiss a case at a late stage of pretrial proceedings, seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). However, the mere fact "that additional expenses will be incurred in relitigating issues in another forum will not generally support a finding of plain legal prejudice and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor*, 279 F.3d at 317 n.3 (citations omitted).

If a court finds that unconditionally granting the plaintiff's motion would impose plain legal prejudice on the defendant, "it has two options[:] it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.* at 317–18. The purpose of such conditions should be to "prevent[] defendants from being unfairly affected by such dismissal." *LeCompte*, 528 F.2d at 604. A court has "a great deal of

3

leeway in crafting conditions to dismissal." *Elbaor*, 279 F.3d at 320. One condition a court may impose is to convert a Rule 41(a)(2) motion to dismiss without prejudice by granting that motion with prejudice. *Id.* at 320 ("We agree with [other circuits] that Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice."). However, "before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract [her] motion to dismiss." *In re FEMA*, 628 F.3d at 163 n.4 (citing *Elbaor*, 279 F.3d at 320).

### III. DISCUSSION

The following factors are taken into consideration when determining whether the Court should deny a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Elbaor*, 279 F.3d at 317 & n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). Here, the balance of factors counsels in favor of allowing dismissal but imposing appropriate conditions to cure any prejudice to Chubb.

The most apparent "cognizable legal prejudice" to Chubb is the late stage of litigation: the case had been pending for ten months when the dismissal motion was filed, and for nine months in this Court. Chubb has, at least, removed this case to federal court, filed an answer, participated in a Rule 26 conference, submitted a case-management plan, served initial disclosures and other written discovery, filed a

motion to dismiss certain claims that is fully briefed, and made expert disclosures. These activities are consistent with Chubb's representation that it has also incurred about $30,000 in legal fees to date. In sum, the first factor—Chubb's effort and expense in preparing for trial—tends to favor a finding of prejudice.

The same is true of the second factor, excessive delay and lack of diligence on the part of Plaintiffs in prosecuting the action, which also weighs in favor of prejudice. Plaintiffs' motion was filed just before the discovery deadline, a few weeks before the dispositive motion deadline, nine months after removal and after an amended complaint and answer were filed, after a dismissal motion was fully briefed, and after a scheduling order had been in place for half a year and Chubb had engaged in significant discovery activities to be prepared for trial.

The third factor—insufficient explanation of the need for a dismissal—also favors a finding of prejudice. Indeed, Plaintiffs offer no reason whatsoever for dismissal other than the Plaintiffs do not desire to pursue the case. If this is true, then Plaintiffs should have no objection to a dismissal with prejudice. Regardless, no reason for dismissal is not a good reason. Plaintiffs cannot waste many months of Defendant's (and the Court's) time and resources and then maintain that they should be afforded the opportunity to effectively "restart" the litigation in this Court or another forum. Under the circumstances, allowing Plaintiffs to do so would effectively reward their dilatory conduct, and, at the same time, punish Chubb for adhering to the Court's schedule. That would be a puzzling result.

Finally, the last factor weighs against a finding of prejudice because Chubb had not filed a motion for summary judgment in the case at the time the dismissal motion was filed, although Chubb has since submitted a summary-judgment motion.

Together, the above reasons create plain legal prejudice justifying dismissing Plaintiffs' claims with prejudice. And while "converting [Plaintiffs'] motion from voluntary dismissal without prejudice to dismissal with prejudice [is] a step that deserves serious attention," *see In re FEMA*, 628 F.3d at 163, such a decision falls squarely in line with Fifth Circuit precedent. *See, e.g., U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (affirming finding of prejudice where plaintiff sought dismissal nine months after suit was filed); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming finding of prejudice where the plaintiff sought dismissal a year after removal of the case, the parties had filed pleadings, attended conferences, submitted memoranda, and a magistrate judge had issued a recommendation adverse to the plaintiff's position); *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360-61 (5th Cir. 1990) (affirming a finding of prejudice where the plaintiff sought dismissal ten months after removal of the action, the parties had participated in hearings and significant discovery, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants).

### IV. CONCLUSION

It is therefore **ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. #30), should be and is hereby **ADOPTED in part** and **MODIFIED in part**.

The Court adopts the Report's findings and conclusions that the case should be dismissed. The Court modifies the Report by concluding that, under Rule 41(a)(2), the case will be **DISMISSED with prejudice.** However, if Plaintiffs wish to withdraw their motion to dismiss, they must file a motion to withdraw on or before **Tuesday, October 17, 2023**. Withdrawal of the dismissal motion will result in the case proceeding as scheduled. Thus, if Plaintiffs choose to withdraw their dismissal motion, they must respond to Defendant's pending summary-judgment motion. If Plaintiffs do not file a motion to withdraw their dismissal motion by **October 17, 2023**, the Court will order the dismissal of this action with prejudice.

**So ORDERED and SIGNED this 3rd day of October, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE